Argued and submitted September 7, judgment of Tax Court affirmed
September 28, 1995

Roger TILBURY;
Margaret M. Tilbury; James Marquard;
Elizabeth Marquard; Linda K. Richardson;
Alan E. Kinsel, Jr.; John Ferguson; Sarah Ferguson;
John Bulkley; Honor Bulkley; Jason Cho; Carlyle MacHarg III;
Dale Denson, dba Dalton Realty;
Jeffrey A. Reingold; Francine G. Reingold;
Greg Fowler/Martin Shore, dba Fowler/Shore Acquisitions;
J. G. Jones Co.; Fran Matson; Ruth W. Norris;
Fred W. Norris; Eileen Dahlheim; Martin G. Zell;
Richard A. Leffler; Amy Richardson-Leffler;
Sylvia May Kissinger; Barbara Jean Kissinger;
Arnold Rochlin; Kaye Rochlin; Janice Sakofsky;
Renda K. Horn, trustee for Clyde V. and E. Margaret
Brummell Trust; Mae G. Strong;
Mark S. Pelay, PR Estate of Anthony Pelay, Jr.;
Hendrika S. Fincher; Jack D. Dixon; Carol J. Dixon;
Florence E. Fritzler; Harold W. Fritzler;
James J. McLaughlin; Robert D. Randall;
The Robert Randall Co.; Clifford C. Stephens;
Rhonda M. Stephens; Kenneth Allen Pereira;
B & B Metal, Inc.; Robert D. Banford; Betty R. Banford;
Ronald L. Williams; Phyllis M. Williams;
Vern R. Williams; Robert Lincoln;
Janet L. Benson; Thomas M. Ullmann;
Kathryn A. Blanchard; Donald E. Pollock,
dba Don Pollock Investments;
Julia G. Pollock; Jeffrey P. Fish;
Lynn E. Fish; Robert A. Scanlon;
Richard I. Kessler; Holly S. Kessler;
Roger E. Kurilo; Jerry L. Ward; Nancy A. Ward;
Ronald R. Myers; Darlene K. Myers; Joan R. Salvatore;
Dennis G. Ogan; Kathryn H. Ogan;
Richard D. Lutz; Dorothy M. Lutz;
Albert H. Gruen; Maxine P. Gruen;
Charles G. Coulter; Edna M. Coulter;
Thomas P. Moyer; dba Tom Moyer Theatres
and TMT Development Co., Inc.;
Harding G. Carlson; Anita L. Carlson;
Cliff Stephens; Richard L. Carpenter;

Don Baker; Levern J. Stevens;
Ruth E. McNamee; Bobby D. McNamee;
Mary Mott; Brad P. Every; Rachel M. Seal;
Fred E. Hungate; Doris W. Evatt; David D. Rand;
Arlene J. Rand; Velma Henderson;
Dean Becker; Joyce E. Becker;
Joseph E. Weston, dba Weston Investment Co.;
John W. Russell, dba Russell Acquisition Co., Inc.;
Two Hundred Market Assoc.; Elmer L. Reho; Edith M. Reho;
William L. Self; Margaret M. Self;
John W. Stenkamp; Carroll J. Stenkamp;
Richard A. Pedersen; Patricia R. Pedersen;
Hugh W. Milleson; Susan Robertson; Ray K. O'Dell;
Shirley J. O'Dell; A. E. Brim;
William C. Reed, dba R & R Homes, Inc.;
Oregon Worsted Company; Eben Hill; Mabel Hill;
James C. Butler; Addie K. Benson;
Sivers Development Group, dba Sivers Construction Co.,
a Washington corporation;
Sivers Investment Partnership, a limited partnership;
Propco, Inc., an Oregon corporation;
T & W Equipment Co., an Oregon corporation;
Airport Way Associates, a limited partnership;
Sivers Real Property Partnership, a limited partnership;
Elizabeth Sivers; Guardian Management
Corporation, agent in fact and assignee;
James P. Kramer; Mamie C. Kramer;
Melvin Barcus, Chris W. Chilberg; Linda S. Chilberg;
Stuart Cox and Richard Gerstl, dba Pyramid Properties;
Richard H. Fabrycki; Janice E. Fabrycki;
Hugh Ewart; Rogers Construction, Inc.;
Oregon Asphaltic Paving Co.; C. K. Hammond, TR;
Jean R. Hammond, TR; Terry L. Holden; Leo G. Graham;
Arthur A. Riedel; Kenneth J. Pipps to
J & J Properties, Inc.; Marquam Village Investors;
Steve Johnson; Jane D. Keating-Jones;
Dale G. King; Maxine J. King; WPL Associates;
Henry G. Laun; Yvonne L. Laun, Leavitt Shay Real
Estate Services, managing agent for
Flanders Street Partners & Uptown Heights Associates;
James A. Montgomery; Esther A. Montgomery;
Alvin D. Nadeau; Peter A. Nathan, M.D.; Helle Nathan;
Bertil Olson; Beverly Olson;

114

Charles H. Randolph; Leila F. Randolph;
Robert F. Rinker; Aubrey P. Schmidt;
General Partner in Twenty-Second & Davis Oregon, Ltd.
and The Flanders Partnership;
Geraldine M. Zancolli; Upshur Courts, Inc.;
Steve Rose; Bristol Equities, Inc.;
Richard O. Hartmann; Kris Preslan; Bruce Preslan;
Spar Investment Co.; Galt Associates;
La Hacienda Associates; Brim, Inc.;
Brim Capital Corporation; Evona Brim;
Christopher B. Summerer; Nancy Summerer;
Edward L. Clare; Hazel A. Clare; Patricia S. Cavens;
Norman Stoll; Mike Schaeffer; Milton Wiederhold;
Stephen C. Johnson; Josefina M. Johnson;
Oswald E. Jauch; Inge H. Jauch; Brent H. Jauch;
Roger P. Jauch; Westland Investment Co.;
Benhardt Schmidt; Judith Schmidt;
John D. Medak; Edward T. Medak;
Lee J. Asch; Lee J. Asch, Jr.;
Jack C. Hilbourne; Irene Hilbourne;
Ronald Williamson; Mavis Williamson;
Steven P. Mozinski; Edward Zakocs, Jr.;
Harsch Investment Corp. and its subsidiaries;
P/E Walker Trust; Sherry Bonney;
*Appellants,*

*v.*

MULTNOMAH COUNTY;
The City of Portland;
The Portland Development Commission;
Wasco County; The City of The Dalles;
Columbia Gateway Urban Renewal Agency;
Clackamas County; Washington County;
The City of Tualatin;
Tualatin Development Commission,
*Respondents,*

*and*

MARION COUNTY;
The City of Salem;
Salem Urban Development Division;
The City of Oregon City and

Oregon City Urban Renewal Agency,
*Respondents (below).*
(OTC 3368; SC S41859)

902 P2d 577

Roger Tilbury, Portland, argued the cause *in propria persona* and filed the briefs on behalf of appellants. With him on the brief was Roch Steinbach, Portland. On the reply brief was Roger Tilbury.

Harry M. Auerbach, Portland, argued the cause on behalf of respondents City of Portland, Multnomah County, and the Portland Development Commission. With him on the brief were Kathryn Beaumont Imperati and Sandra N. Duffy, Portland. Joining in the brief were respondents City of Tualatin and Tualatin Development Commission.

Gene E. Parker, City Attorney, The Dalles, argued the cause on behalf of respondents City of The Dalles, Columbia Gateway Urban Renewal Agency, and Wasco County. With him on the brief was Bernard L. Smith, District Attorney for Wasco County, The Dalles.

DURHAM, J.

## DURHAM, J.

In this proceeding before the Oregon Tax Court, plaintiffs, who reside in or own property in the cities of Portland, Salem, Oregon City, The Dalles, and Tualatin, sought refunds of urban renewal taxes collected by defendants[1] for tax year 1991-92. Plaintiffs contend that those taxes exceed the property tax limitation in Article XI, section 11b, of the Oregon Constitution.[2] *See City of Portland v. Smith*, 314 Or 178, 193, 838 P2d 568 (1992) (property taxes levied for repayment of urban renewal bonds are not exempt from the property tax limitation in Article XI, section 11b(1)).

The Tax Court entered summary judgment for defendants. The court first ruled that the procedure described in ORS 305.583[3] was plaintiffs' exclusive remedy

---

[1] The Tax Court granted a partial summary judgment to defendant City of Salem, because no plaintiff established a right to a refund of any tax levied by that defendant. Plaintiffs do not challenge that ruling on appeal. As to defendant City of Salem, this appeal is moot. For the sake of simplicity, we refer to the remaining respondents on appeal as "defendants."

[2] Article XI, section 11b(1), of the Oregon Constitution imposes a limitation on the assessment of "property taxes." Subsection (3) of that section provides:

"The limitations of subsection (1) of this section apply to all taxes imposed on property or property ownership except

"(a) Taxes imposed to pay the principal and interest on bonded indebtedness authorized by a specific provision of this Constitution.

"(b) Taxes imposed to pay the principal and interest on bonded indebtedness incurred or to be incurred for capital construction or improvements, provided the bonds are offered as general obligations of the issuing governmental unit and provided further that either the bonds were issued not later than November 6, 1990, or the question of the issuance of the specific bonds has been approved by the electors of the issuing governmental unit."

[3] ORS 305.583 provides in part:

"(1) Ten or more interested taxpayers may petition the Oregon Tax Court to determine the effect of the limits of section 11b, Article XI of the Oregon Constitution on any tax, fee, charge or assessment imposed by a unit of government. For purposes of this section, 'interested taxpayers' means persons who are subject to the tax, fee, charge or assessment in question.

"* * * * *

"(3) In the case of any tax, fee, charge or assessment for any purpose that was imposed under an ordinance or resolution adopted by a local government unit before September 29, 1991, or in the case of any tax levied to pay principal or interest on bonded indebtedness approved by the governing body of a local government unit before September 29, 1991, the petition shall be filed within 60 days after the date the governing body of the local government unit adopts an ordinance or resolution classifying its taxes, fees, charges or assessments as subject to or not subject to the limits of section 11b, Article XI

for the claim stated in the complaint. *See Smith v. Multnomah County Board of Commissioners*, 318 Or 302, 309, 865 P2d 356 (1994) (procedure described in ORS 305.583 is the exclusive remedy for a claim of unlawful taxation under Article XI, section 11b, of the Oregon Constitution). The court then ruled that plaintiffs' complaint was untimely, because they did not file it within the 60-day filing period established by ORS 305.583(3). *Tilbury v. Multnomah County*, 13 OTR 157, 165 (1994).

Plaintiffs admit that the 60-day filing period established by the statute expired no later than December 25, 1991. They filed their petition on January 5, 1993. On appeal, plaintiffs argue that their complaint was filed in a timely manner, because the 60-day filing requirement in ORS 305.583(3) is either inapplicable or unconstitutional. They contend that: (1) the 60-day rule is not severable from the 10-taxpayer requirement in ORS 305.583(1) and that the latter requirement unconstitutionally denies due process under the Fourteenth Amendment to the Constitution of the United States;[4] (2) the "Taxpayer Bill Of Rights," ORS 305.860(1)(c) and (2),[5] and "the minimum dictates of due

---

of the Oregon Constitution; or, if the governing body does not adopt a classifying ordinance or resolution, within 60 days after the later of:

"(a) The last date, but no later than November 15, that the tax statements were mailed for the tax year in which the tax, fee, charge or assessment was imposed; or

"(b) The date of imposition of the tax, fee, charge or assessment on any one of the petitioners that first occurs after September 29, 1991."

[4] This court recently held in *Ester v. City of Monmouth*, 322 Or 1, 13, 903 P2d 344 (1995), that the 10-taxpayer requirement does not deny due process in the context of a taxpayer challenge to an assessment for a local improvement because, in that context, the taxpayer has a right to challenge the assessment "before the circuit court upon a writ of review pursuant to ORS 223.401." *Ester* did not decide whether the 10-taxpayer requirement denies due process in the context of this case, *i.e.*, where taxpayers challenge a tax levied for repayment of urban renewal bonds and the statute containing the 10-taxpayer requirements is the only route of redress.

[5] ORS 305.860 provides in part:

"(1) The director shall prepare a statement which sets forth in simple nontechnical terms:

"* * * * *

"(c) The procedures for filing and processing refund claims and filing of taxpayer complaints; and

process" require personal notice of the manner in which plaintiffs may contest the disputed taxes, but they did not receive such notice; and (3) plaintiffs did not receive fair notice of the procedure described in ORS 305.583, which became effective on September 29, 1991, because public law libraries did not receive the permanent volumes of the 1991 Oregon Revised Statutes until approximately 40 days of the 60-day filing period had expired.

We turn to the issue of the severability of the 60-day filing requirement in ORS 305.583(3). The Tax Court held that the 10-taxpayer requirement deprived individual taxpayers of their right to challenge a deprivation of property through exaction of a tax. *Tilbury*, 13 OTR at 164. Plaintiffs urge us to affirm that ruling, but we decline to address that question. Even if we assume, *arguendo*, that the Tax Court's due process ruling is correct, that says nothing about the severability of the 60-day filing requirement.

We pursue the intention of the legislature in deciding whether one part of a statute is severable from another unconstitutional part. ORS 174.040 guides our analysis of the question of severability:

> "It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:
>
> "(1) The statute provides otherwise;
>
> "(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or
>
> "(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

---

"\* \* \* \* \*

"(2) The statement prepared in accordance with subsection (1) of this section shall be distributed by the Director of the Department of Revenue to all taxpayers upon request. The director shall inform taxpayers of their rights in a brief explanatory statement included in all billing or collection notices, all notices of assessment or deficiency and all notices of refund adjustment or denial sent to the taxpayer."

■      None of the subsections of that statute applies here. Accordingly, even if the Tax Court's due process ruling is correct, the 60-day filing requirement is severable and, under ORS 174.040, "shall remain in force."

■      Neither can plaintiffs rely on the "Taxpayer Bill Of Rights," ORS 305.860 *et seq,* in attacking the adequacy of the tax notices that they received from defendants. Those statutes pertain to obligations of the Oregon Department of Revenue, not local government. The "Taxpayer Bill Of Rights" furnishes no basis for plaintiffs' attack on tax notices issued by local governments.

Finally, we reject, without discussion, plaintiffs' contention regarding the timing of various law libraries' receipt of bound volumes of the Oregon Revised Statutes.

Plaintiffs' petition for refunds of urban renewal property taxes was filed too late. Accordingly, the Tax Court did not err in granting defendants' motions for summary judgment.

The judgment of the Tax Court is affirmed.