**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICKI B. LEE; DARRELL E. LEE,
   *Plaintiffs-Appellants,*

v.

STEPHEN S. WALTERS, BRAD
HIGBEE, GEORGE RANKIN, RICHARD
REID, and LAURA A. FINE (in their
individual and official capacities
as members of the Oregon Racing
Commission), and JOANNE
MCADAM (in her individual
capacity only),
    *Defendants-Appellees.*

No. 03-35102

D.C. No.
CV-95-00274-JMS

OPINION

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Submitted March 9, 2005*
Portland, Oregon

Filed December 29, 2005

Before: Procter Hug, Jr., Stephen Reinhardt, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Reinhardt;
Partial Concurrence and Partial Dissent by Judge Bybee

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Kathryn H. Clarke, Portland, Oregon, for the plaintiffs-appellants.

Hardy Myers, Attorney General for the State of Oregon, Mary H. Williams, Solicitor General for the State of Oregon, and Daniel J. Casey, Assistant Attorney General, Salem, Oregon, for the defendants-appellees.

## OPINION

REINHARDT, Circuit Judge:

After a series of disputes involving the licensing and financing of The New Portland Meadows, Inc. (TNPM), a horse racing operation partially owned by Vicki and Darrell Lee, the Lees filed a section 1983 action in the district court against Stephen S. Walters, Brad Higbee, George Rankin, Richard Reid, Laura Fine and Joanne McAdam, all members of the Oregon Racing Commission (ORC). The Lees' complaint alleged, *inter alia*, that a provision in the Oregon statute pursuant to which they had been ordered excluded from the Portland Meadows track by the ORC violated due process because it was unconstitutionally vague. On summary judgment, the magistrate judge[1] agreed that the provision was

---

[1] Pursuant to Federal Rule of Civil Procedure 73 and Title 28 U.S.C. section 636(c), the parties consented to have the case heard by a magistrate judge.

invalid and, on that basis, ruled that the entire statute, Oregon Revised Statutes section 462.080(1), was void for vagueness. However, at trial the Lees did not prevail on any of their damages claims, and they appealed the district court's judgment. In order to resolve some of these claims, it is necessary to determine the validity of the exclusion orders.

We vacate the district court's ruling that section 462.080(1) is unconstitutionally vague because, after holding one of its provisions unconstitutional, the court failed to sever that provision as required by Oregon law. On appeal, it is not necessary to decide any constitutional question. The Lees' exclusion orders were based upon two separate grounds, one of which was a violation of another provision of the statute — a provision that has not been challenged. We uphold the exclusion orders on the basis of the unchallenged provision and therefore need not reach the issue of whether the challenged provision is constitutional.[2]

## FACTUAL AND PROCEDURAL HISTORY

At all times relevant to this action, the Lees co-owned, with Gene Ferryman, TNPM, a closely-held corporation with a perpetual lease on Portland Meadows, a race track in Portland, Oregon.

The ORC is the state administrative agency responsible for regulating the horse racing industry in Oregon. The agency licenses, inspects and supervises all race meets and monitors track finances. As a condition of receiving its race meet license from the ORC, TNPM was required to maintain several bank accounts, including a Mutuel Clearing Account, into which gross receipts from pari-mutuel wagering were deposited, and a Purse Account, out of which purses were paid to winning horses. During the relevant time period, former Ore-

---

[2]In a separate memorandum disposition filed concurrently herewith, we address the remainder of the issues involved in the Lees' appeal.

gon Administrative Rule 462-37-155(28) required race tracks to maintain in their Purse Accounts "sufficient funds to cover all monies due horsemen in regard to purses, stakes, rewards, claims and deposits." It is not clear from the record to what extent applicable statutes and administrative rules regulated the commingling of funds from the various accounts.

In the early 1990's, TNPM began to experience financial difficulties. In February, 1993, the owners of Portland Meadows won a $165,000 judgment in state court against TNPM for unpaid rent. While reviewing TNPM's finances in order to determine whether it could satisfy the judgment, Darrell Lee discovered that Ferryman had for several months been funneling TNPM funds into a private account. On March 4, 1993, after Ferryman had refused to return the money, the Lees withdrew $165,000 from TNPM's Mutuel Clearing Account and $55,000 from its Purse Account. They used the withdrawn money to satisfy the state court judgment and pay overdue taxes.

The next day, having discovered the Lees' withdrawals from the two accounts, the ORC convened an emergency meeting over which McAdam presided. The commission concluded that the Lees' use of the funds from the Mutuel Clearing and Purse Accounts was improper and, pursuant to section 462.080(1), ordered them excluded from Portland Meadows. Section 462.080(1) states:

> The Oregon Racing Commission may exclude from any and all race courses any person whom the commission deems detrimental to the best interest of racing or any person who willfully violates any provision of this chapter or any rule or order issued by the commission or any person who has been found guilty of violating any laws of this state, another state or the United States related to gambling or wagering or which adversely reflects on the person's honesty. The commission may take such action

without first providing a hearing and without being subject to either criminal or civil liability. However, if no hearing is provided, then, within 10 days after the board's action and upon demand of the aggrieved party, the commission shall grant a hearing as provided in ORS chapter 183, except that such hearing shall take place no later than 20 days following demand.

The statute thus provides three grounds for exclusion from racing venues: the ORC may exclude (1) any person it "deems detrimental to the best interest of racing," (2) "any person who willfully violates any provision of this chapter or any rule or order issued by the commission," and (3) "any person who has been found guilty of violating any laws of this state, another state or the United States related to gambling or wagering or which adversely reflects on the person's honesty." The ORC explained Darrell Lee's exclusion as follows: "This Order is based on the finding by the commission that Lee's conduct has been detrimental to the best interests of racing or he has willfully violated provisions of statutes relating to racing, or the Rules of Racing approved by the Commission." Thus, Darrell Lee was ordered excluded pursuant to the first and second grounds enumerated in the statute.[3] Vicki Lee's exclusion order contained nearly identical language.

On March 9, 1993, after they tried unsuccessfully several times to retrieve their personal belongings from Portland Meadows, the Lees petitioned for review of their exclusion orders in state court. On March 15, an Oregon circuit court judge issued a preliminary injunction enjoining, with several conditions, the enforcement of Darrell Lee's exclusion order.

---

[3]Although the exclusion orders stated that the Lees were excluded based upon the first *or* the second ground, the orders listed five statutes and rules that each of the Lees "has violated" by withdrawing the funds. Thus, even if the ORC relied on only one of the two grounds, it is clear that it relied upon the second.

The subsequent state court litigation between the parties resolved a number of issues but left several others, including the constitutionality of section 462.080(1), unresolved. No party contends that the prior litigation in state court has a preclusive effect on this court's review of the constitutionality of section 462.080(1) or the validity of the exclusion orders.

On March 6, 1995, the Lees filed a complaint in district court alleging several section 1983 claims arising principally from their exclusion from Portland Meadows. In their second amended complaint, they alleged, *inter alia*, that section 462.080(1) was unconstitutional on its face because the "detrimental to the best interest of racing" provision was impermissibly vague. The district court, after considering cross-motions for summary judgment, ruled that the challenged provision rendered the entirety of section 462.080(1) unconstitutional. On that basis, the district court found the exclusion orders invalid. Four of the Lees' section 1983 claims subsequently went to trial. Following a jury trial, the district court entered judgment in favor of the defendants. The Lees appealed.

## ANALYSIS

At summary judgment, the Lees challenged the constitutionality of Oregon Revised Statutes section 462.080(1). The district court, in finding section 462.080(1) void for vagueness, ruled that because the "detrimental to the best interest of racing" provision was not defined by the statute or the applicable administrative rules, it "falls into the category of statutes that invite arbitrary enforcement." The district court reasoned that, although the ORC may have excluded the Lees on the basis of the improper withdrawal of funds from the TNPM accounts,

> it also could be due to the alleged personal animosity between the ORC and Darrell Lee. The problem is that under ORS 462.080(1), the ORC appears to

have the authority to exclude Darrell Lee, or anyone else, because of that animosity, or because of speech, or for virtually any reason at all, as long as the ORC concludes that the exclusion would be "in the best interests of racing."

[1] However, in its summary judgment order the district court ruled that section 462.080(1) was facially unconstitutional in its entirety without considering whether the purportedly infirm "detrimental to the best interest of racing" provision could be severed from the remainder of the statute.[4] Whether a statutory provision is severable is a question of state law. *Dep't of Treasury v. Fabe*, 508 U.S. 491, 509-10 (1993). In Oregon, there is a presumption of severability:

> It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:
>
> (1)   The statute provides otherwise;
>
> (2)   The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or
>
> (3)   The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent.

Or. Rev. Stat. § 174.040; *see also Tilbury v. Multnomah County*, 902 P.2d 577, 580 (Or. 1995).

---

[4]The Lees have not argued that the second and third grounds for exclusion in section 462.080(1) are vague or otherwise independently subject to constitutional challenge for any independent reason.

**[2]** Here, none of the three exceptions applies. First, section 462.080(1) does not provide that parts found to be unconstitutional are not severable. Second, the remaining two grounds for exclusion, including one of the grounds relied upon in the Lees' exclusion orders, are not "so essentially and inseparably connected" to the ground of "detrimental to the best interest of racing" that it is apparent that the legislature would not have enacted the statute without the purportedly infirm provision. Third, the remaining grounds for exclusion standing alone are complete and capable of being executed in accordance with the legislative intent of the statute. Thus, under Oregon state law, having concluded that the "detrimental to the best interest of racing" provision was unconstitutional, the district court was obligated to sever that provision from the remainder of section 462.080(1). Because it failed to do so, its ruling on the constitutionality of section 462.080(1) was erroneous.

**[3]** Upon reviewing the Oregon statute and the Lees' exclusion orders, we conclude that we need not reach any constitutional question. The orders were based upon the Lees' improper use of funds and explicitly relied upon an *unchallenged* ground for exclusion set forth in a different provision of the statute: "any person who willfully violates any provision of this chapter or any rule or order issued by the commission." The orders held that the Lees had violated, *inter alia*, ORC regulations governing the distribution of the race track's account funds. *See* n.3 *supra*.

**[4]** Because we can affirm the Lees' exclusion orders on the basis of the *unchallenged* provision, without reaching the constitutionality of the "detrimental to the best interest of racing" provision, we decline to consider the question of the constitutionality of the statute, and hold that the Lees' exclusion from Portland Meadows was permissible.[5] "A fundamental

---

[5]As the district court correctly found with respect to the procedural due process claim, the Lees introduced no evidence that created a genuine issue of material fact.

and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988); *see also United States v. Sandoval-Lopez*, 122 F.3d 797, 802 n.9 (9th Cir. 1997) ("We avoid constitutional questions when an alternative basis for disposing of the case presents itself.").

**[5]** The district court's ruling with respect to the constitutionality of Oregon Revised Statutes section 462.080(1) is vacated. Its ruling regarding the exclusion orders is reversed. We hold the exclusion orders to be lawful.

**VACATED IN PART; REVERSED AND REMANDED IN PART**.

---

BYBEE, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part. On appeal, the Lees present both a facial and an as-applied challenge to Oregon Revised Statute § 462.080(1).[1] The majority concludes that

---

[1]OR. REV. STAT. § 462.080(1) provides:

The Oregon Racing Commission may exclude from any and all race courses any person whom the commission deems detrimental to the best interest of racing or any person who willfully violates any provision of this chapter or any rule or order issued by the commission or any person who has been found guilty of violating any laws of this state, another state or the United States related to gambling or wagering or which adversely reflects on the person's honesty. The commission may take such action without first providing a hearing and without being subject to either criminal or civil liability. However, if no hearing is provided, then, within 10 days after the board's action and upon demand of the aggrieved party, the commission shall grant a hearing as provided in ORS chapter 183, except that such hearing shall take place no later than 20 days following demand.

the Lees' as-applied challenge fails because the Commission offered alternative grounds for its decision and the constitutionality of at least one of those was not challenged. I join the majority opinion on this point. Inexplicably, however, the majority declines to decide the merits of the Lees' facial challenge because it finds that the magistrate judge, having concluded that the "detrimental to the best interest of racing" provision was facially void for vagueness, should have severed the unconstitutional provision to preserve the statute's constitutionality. *See* OR. REV. STAT. § 174.040. There is no need to determine whether the magistrate judge failed to sever: Once the majority concludes that section 462.080(1) was constitutionally applied here, it necessarily answers whether the statute is unconstitutional on its face. It is not. I dissent because our jurisprudence demands that we reverse, and not merely vacate, the magistrate judge's holding that section 462.080(1) is unconstitutional on its face.

The magistrate judge concluded that section 462.080(1) was facially unconstitutional because the provision that authorizes the Commission to exclude any person whom it finds "detrimental to the best interest of racing" vested "unbridled discretion in the ORC." The magistrate judge based her conclusion on a series of cases addressing facial challenges to criminal statutes that regulated conduct related to First Amendment activity and concluded that section 462.080(1) "invites arbitrary enforcement and does not meet even the more lax scrutiny applied to statutes proscribing civil penalties." *See Smith v. Goguen*, 415 U.S. 566, 568 (1974) (invalidating a statute attaching criminal liability to anyone "who treats contemptuously the flag of the United States"); *see also Nunez v. City of San Diego*, 114 F.3d 935, 938 (9th Cir. 1997) (invalidating a city ordinance making it unlawful for minors to "loiter, wander, idle, stroll, or play" after curfew).

The majority concludes that the magistrate judge failed to sever the statute, as required by Oregon law. But Oregon law does not permit severing provisions that are merely subject to

constitutional challenge. Rather, it permits severance only when a part of the statute is actually *held* to be unconstitutional. Oregon Revised Statute § 174.040 provides:

> It shall be considered that it is the legislative intent, in the enactment of any statute, *that if any part of the statute is held unconstitutional*, the remaining parts shall remain in force unless:
>
> (1) The statute provides otherwise;
>
> (2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or
>
> (3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent.

OR. REV. STAT. § 174.040 (emphasis added). The majority does not hold any part of the statute unconstitutional. Instead, the majority *assumes* that if the "detrimental to the best interest of racing" provision was unconstitutional, the magistrate judge should have severed it. Perhaps the magistrate judge should have severed that provision; but we have the merits of her decision before us. I would reverse the magistrate judge because she incorrectly concluded that the statute was unconstitutional on its face, not because she failed to sever the statute.

Our precedents clearly provide that, to advance a facial challenge to the constitutionality of a civil statute, the Lees "must demonstrate that there is no set of circumstances in which the statute could be applied in a constitutionally valid manner." *United States v. Bynum*, 327 F.3d 986, 990 (9th Cir.) (citing *United States v. Salerno*, 481 U.S. 739, 745

(1987)), *cert. denied*, 540 U.S. 908 (2003); *see also Hotel & Motel Ass'n v. City of Oakland*, 344 F.3d 959, 971-72 (9th Cir. 2003), *cert. denied*, 542 U.S. 904 (2004); *S.D. Myers, Inc. v. City and County of Santa Barbara*, 253 F.3d 461, 467-68 (9th Cir. 2001). We apply a less rigorous standard of review to vagueness challenges that do not argue that the statute regulates First Amendment-related conduct. Nevertheless, even "a party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.' " *Hotel & Motel Ass'n*, 344 F.3d at 972 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)). Here, the Lees have not alleged that section 462.080(1) is unconstitutionally vague because it regulates conduct protected by the First Amendment and have not demonstrated that the statute is impermissibly vague in all its applications.

The majority grounds its refusal to consider the facial challenge in the doctrine of constitutional avoidance, citing the following language from our decision in *United States v. Sandoval-Lopez*, 122 F.3d 797, 802 n.9 (9th Cir. 1997): "We avoid constitutional questions when an alternative basis for disposing of the case presents itself." While I agree with the majority that there is an alternative basis for disposing of the as-applied challenge, there is no alternative basis for disposing of the facial challenge. Indeed, there is no reason for refusing to reverse the magistrate judge's judgment outright: the majority's opinion proves that section 462.080(1) is capable of constitutional application. The magistrate judge's conclusion that section 462.080(1) is unconstitutional on its face is demonstrably wrong.

The majority simply vacates the entirety of the magistrate judge's ruling on the facial challenge without engaging in an analysis of its merits. I would apply the facial challenge test required by the Supreme Court in *Salerno* and *Hoffman Estates*, as we have done previously in *Bynum*, *Hotel & Motel*

*Ass'n*, and *S.D. Myers*. I conclude that the Lees cannot sustain a facial challenge, and I would reverse that portion of the judgment.

I respectfully dissent.